**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ISHMAEL HASSAN OBAMA
a/k/a Steven Donnelle Cody
ADC #145160                                                                 PLAINTIFF

V.                                    2:10CV00126 SWW/JTR

DANNY BURL, Warden,
East Arkansas Regional Unit, et al.                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Ishmael Hassan Obama, who is a prisoner at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), has commenced this § 1983 action alleging that Defendants have violated his constitutional rights.  *See* docket entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S.

## II.  Discussion

**A.    Inhumane Conditions of Confinement**

Plaintiff, who has been confined in a punitive isolation cell at the EARU since July 16, 2010, alleges that Defendants have subjected him to several inhumane conditions of confinement.  *Id.*

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation.  *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Thus, in order to state an Eighth Amendment inhumane conditions of confinement claim, a prisoner must allege that:  (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation.  *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

First, Plaintiff contends that Defendants subjected him to inhumane conditions by refusing to turn the lights off in his isolation cell, thereby making it difficult for him to sleep.  *See* docket entry #5.  However, this allegation does not rise to the level of a constitutional violation.  *See Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996) (finding no constitutional violation where a pretrial detainee complained of constant lighting that made it difficult for him to

---

Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

sleep).

In a similar vein, Plaintiff alleges that Defendants have subjected to inhumane conditions of confinement by forcing him to sleep on the floor, which causes him lower back pain. *See* docket entry #2. However, in his Amended Complaint, Plaintiff *concedes* that he voluntarily chooses to sleep on the floor, without a mattress, so that he can feel the cool air that flows underneath his isolation cell door. *See* docket entry #5. It is well settled that prisons are not required to provide prisoners with air-conditioned cells. *See Cotton v. Hutto*, 540 F.2d 412, 414 (8th Cir. 1976). Thus, this allegation fails to rise to the level of a constitutional violation.[2]

Plaintiff further alleges that Defendants have subjected him to inhumane conditions of confinement by providing him with "small portions of food," "no sweets," and "watered-down Kool-Aid." *See* docket entry #5 at 1-2. However, Plaintiff does not allege that his meals are nutritionally inadequate, that he has lost a significant amount of weight, or that his health has been adversely affected by his diet. *See Wishon v. Gammon*, 978 F.2d 446 (8th Cir.1992) (explaining that, to state a constitutional violation, a prisoner must allege that "the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"); *Gilbert v. Norris*, Case No. 99-1519, 2000 WL 303218 (8th Cir. March 24, 2000) (unpublished opinion) (finding that a prison's failure to provide an inmate with "full-course meals" did not constitute an Eighth Amendment violation). Thus, the Court concludes

---

[2] Further, it is important to note that Plaintiff does not allege that he was forced to sleep without any bedding or clothing, which are relevant factors in determining whether a prisoner's sleeping arrangements are unconstitutional. *See e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir.1996) (four days without underwear, blankets, or a mattress, did not rise to the level of a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir.1995) (four days without clothes, mattress or any bedding was not a constitutional violation of Eighth Amendment).

that Plaintiff has failed to state a viable inhumane conditions of confinement claim.

**B.     Inadequate Medical Care Claim**

Plaintiff also alleges that he has received inadequate medical care for infected spider bites and/or boils on his left testicle and right thigh.  *See* docket entries #2 and #5.   Plaintiff has *not* named any medical providers as Defendants in this action.  Instead, he has named ADC Director Ray Hobbs, Warden Danny Burl, Deputy Warden Todd Ball, and Captain Moses Jackson, III.  *Id.*

A supervisor may not be held vicariously liable, in a § 1983 action, for the constitutional violations of a subordinate on a respondeat superior theory.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 ( 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding  that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").  Instead, a supervisor "is only liable for his or her misconduct."  *Iqbal,* 129 S.Ct at 1949.

Plaintiff makes the conclusory and unsupported allegation that he either verbally mentioned or wrote letters to each of the Defendants about his *unspecified* claims.  *See* docket entries #2 and #5.  It is impossible to determine if Plaintiff informed each of the Defendants about his alleged lack of adequate medical care for spider bites or, instead, about one of the other matters raised in his Complaint (i.e., constant lighting, sleeping on the floor, or unsatisfactory food).  More importantly, the Supreme Court has recently held that  "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to properly plead a claim of supervisor liability.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Finally, the Eighth Circuit has held on several occasions that prison supervisors, who lack

medical expertise, cannot be held liable for decisions made by medically trained prison staff.  *See, e.g., Drake ex rel Cotton v. Koss*, 445 F.3d 1038, 1042-43 (8th Cir. 2006) (holding that jailers could not be held liable for a psychiatrist's determination that a pretrial detainee was not suicidal); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a continuous positive air pressure machine to treat sleep apena); *Keeper v.* King, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a prison superintendent could not be held liable for a prison doctors' failure to properly diagnosis symptoms of an impending stroke); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that a prison treatment director and a prison warden could not be held liable for "the medical staff's diagnostic decision not to refer [an inmate] to a doctor for treatment of his shoulder injury").  Accordingly, the Court concludes that Plaintiff has failed to state a viable inadequate medical care claim against the Defendants named in this action.

### III.  Conclusion

IT IS THEREFORE RECOMMEND THAT:

1.     Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.     Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th date of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE