# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ISHMAEL HASSAN OBAMA
a/k/a Steven Donnelle Cody
ADC #145160                                                                              PLAINTIFF

V.                                    2:10CV00126 SWW/JTR

DANNY BURL, Warden,
East Arkansas Regional Unit, et al.                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Ishmael Hassan Obama, is a prisoner in the Grimes Unit of the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights.

Defendants have filed a Motion and Supporting Brief arguing that Plaintiff's *in forma pauperis* status should be revoked and this case dismissed because he is a three-striker, as defined by 28 U.S.C. § 1915(g). *See* docket entries #50 and #51. Plaintiff has filed a Response and Supporting Brief. *See* docket entries #52 and #53.

## II. Discussion

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* if he "has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Importantly, the Eighth Circuit has clarified that the three strikes provision "does not apply unless the inmate litigant has three strikes *at the time he files his lawsuit*." *Campbell v. Davenport Police Dept.*, 471 F.3d 952, 952-53 (8th Cir. 2006) (emphasis added); *see also Mills v. White*, Case No. 06-1837, 2006 WL 1458312 (8th Cir. May 30, 2006) (unpublished opinion). Additionally, the dismissal becomes a strike only when the prisoner has exhausted his appeals of that ruling or the time for doing so has expired. *Id.*

Plaintiff filed this lawsuit on September 3, 2010. *See* docket entry #2. At that

time, he had accumulated *two* strikes. *See Cody v. Ark. Food Bank*, 4:09CV00089 (dismissed on 2-9-09 for failure to state a claim, no appeal filed); *Cody v. Harris*, 4:09CV00145 (dismissed on 3-18-09 for failure to state a claim, no appeal filed).

In support of their position, Defendants cite *Forrest, Cody, et al. v. Bowers*, 1:11CV00026. In that case, Cody (who has since changed his name to Ishmael Hassan Obama – the Plaintiff in *this* case) was dismissed as a plaintiff for failing to state a viable § 1983 claim. While the dismissal properly counted as a strike against Cody/Obama, the Order of Dismissal was filed on May 31, 2011, which was *after* he initiated this action. Thus, at the time he filed *this lawsuit*, Cody/Obama had not yet picked up that strike, and it can not be counted against him for the purposes of this action.

Defendants also cite *Elps, Cody v. Lewis*, 5:11CV00165 and *Cody v. Margaret,* 6:10CV006070. While those cases were dismissed because Cody/Obama had already accumulated three strikes at the time he filed those actions, they were dismissed well *after* Cody/Obama filed this lawsuit. Thus, they are irrelevant to the three strikes determination in this action.

Accordingly, because Plaintiff had *not* accumulated three strikes prior to filing this lawsuit, Dendants' requests to revoke Plaintiff's *in forma pauperis* status and dismiss this case should be denied.

Finally, Defendants ask the Court to "stay all discovery and pending deadlines."[1] *See* docket entry #50 at 1. However, Defendants go on to make it clear that they are actually seeking a thirty-day "extension" of the dispositive motion deadline. That request should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Revoke IFP Status, to Dismiss Case, and to Stay All Discovery and Deadlines (docket entry #50) be DENIED.

2. Defendants be GRANTED a thirty day extension to file any dispositive motions.

Dated this 18th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Technically, there is nothing to "stay" because the discovery and dispositive motion deadlines have already expired.