# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

ISHMAEL HASSAN OBAMA,
a/k/a Steven Donnelle Cody
ADC #145160                                                                                    PLAINTIFF

V.                                    2:10CV00126 SWW/JTR

DANNY BURL, Warden,
East Arkansas Regional Unit, ADC                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

-1-

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Ishmael Hassan Obama, has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was in punitive isolation at the East Arkansas Regional Unit ("EARU"). His only remaining claims are that, from

July to September of 2010, Defendants ADC Director Hobbs, Warden Burl, Deputy Warden Ball, and Captain Jackson: (1) failed to provide him with nutritiously adequate meals; and (2) subjected him to constant lighting, which made it difficult for him to sleep.[1]  *Docs. 2 & 5.*

Defendants have moved for summary judgment, and Plaintiff has responded.[2] *Docs. 57, 58, 59, 63, 64, & 65.*  For the following reasons, the Court recommends that the Motion be granted and this case dismissed, without prejudice.

## II. Discussion

Defendants argue that they are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies against them. The Court concludes that this argument is well taken.[3]

---

[1] The Court has previously dismissed all of the Plaintiff's other claims and corresponding Defendants. *Docs. 6, 9, & 22.*

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[3] Because of that conclusion, the Court is barred from reaching Defendants' alternative argument that they are entitled to dismissal, *with prejudice*. *See Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion) (holding that, once a trial court determines that a prisoner's claims are unexhausted, it is "required to" dismiss the case "without prejudice," and it cannot proceed to the merits and dismiss the case, with prejudice); *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion)

<205>The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the

---

(same).

<205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205><205>

agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies within the ADC, a prisoner must file: (1) an informal resolution with the designated problem solver; (2) a grievance with the Warden; and (3) an appeal to the ADC Deputy/Assistant Director. *Doc. 59, Ex. 7* (ADC Adm. Dir. 10-32 § IV(E) through (G)). Because Plaintiff is administratively required to do so, the Court must, in resolving Defendants' Motion for Summary Judgment, determine if he has properly exhausted his administrative remedies *as to each claim he is now asserting against each of the Defendants.*

**A.    Inadequate Nutrition Claim**

On August 21, 2010, Plaintiff filed an informal resolution alleging that Defendant Jackson failed to provide him with nutritionally adequate meals. *Doc. 65 at 10.* However, Plaintiff never completed the second and third steps of the ADC exhaustion process by raising his inadequate nutrition claim in a grievance and appeal. *Id.*, *Doc. 59, Ex. A*.

Plaintiff claims that he did not do so because unspecified ADC officials failed to return his informal resolution. *Docs. 64 & 65.* Plaintiff's argument overlooks the

fact that the ADC's grievance procedure allows a prisoner to proceed to the next step of the exhaustion process if he does not receive a response to an informal resolution.[4] Plaintiff did not do so. Thus, he failed to properly exhaust his administrative remedies regarding his inadequate nutrition claim. Accordingly, that claim should be dismissed, without prejudice. *See Jones*, 549 U.S. at 211(emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### B.  Constant Lighting Claim

The parties agree that Grievance EAM 10-3532 is the only grievance Plaintiff filed about being subjected to constant lighting. *Doc. 59, Ex. A; Docs. 64 & 65.* However, that grievance is fatally flawed based on procedural errors.

First, Plaintiff did not name *any* of the Defendants in that grievance, as he was required to do by the ADC's grievance policy.[5] Additionally, ADC officials *rejected* Grievance EAM 10-3532 because Plaintiff had already filed three grievances that

---

[4] *See Doc. 59, Ex. A* ( ADC Admin. Dir. 10-32 § IV(E)(11)) (providing that, if the designated problem solver fails to return the informal resolution in three working days "the inmate may proceed to Step 2, the formal grievance, without the completion of Step 1"").

[5] *See Doc. 59, Ex. A* (ADC Admin. 10-32 § IV (C)(4), (E)(2), and (N)) (requiring inmates to "specifically name each individual" involved in the grieved matter, and advising prisoners that their federal lawsuit may be dismissed if they fail to do so). Additionally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.*

week.[6]  Finally, Plaintiff did not appeal the rejection of Grievance EAM 10-3532.

Importantly, prison officials denied Grievance EAM10-3532, based on these fatal procedural flaws, and did *not* reach the merits of Plaintiff's claim about "constant lighting." *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (holding that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits"). Thus, Plaintiff failed to properly exhaust his "constant lighting" claim against any of the Defendants in this action.

In an effort to overcome summary judgment, Plaintiff now argues that he did not file a new grievance about constant lighting, after his weekly limit of three grievances expired, because he *believed* it would have been futile to do so.[7] However, a prisoner's subjective beliefs about the administrative rules governing the grievance process are irrelevant to a determination of whether there has been proper exhaustion. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).  Here, it is undisputed that, in contravention of the rules governing the grievance process, Plaintiff did *not* refile his grievance about "constant lighting" after his weekly limit of three grievances had expired. Thus, Plaintiff's

---

[6] *See Doc. 59, Ex. A* (Admin. Dir. 10-32 § IV(J)(1)(b)) (providing that ADC inmates may file only three non-emergency grievances "each seven-day period which begins each Saturday and ends on Friday").

[7] *See Doc. 59, Ex. A* (Admin. Dir. 10-32 IV(J)(1)(d)) (prohibiting inmates from a grievance that is "duplicate of one previously submitted by the inmate").

constant lighting claim should also be dismissed, without prejudice, because he failed to properly exhaust his administrative remedies.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 57) be GRANTED, and Plaintiff's claims be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 21st day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE